FILED

13 MAY 14 PM 2:26

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY:

PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Blvd., Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiff
MARIA GONZALEZ

COPY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MARIA GONZALEZ,

Plaintiff,

vs.

ADIR INTERNATIONAL, LLC d/b/a CURACAO, a foreign limited liability company; and DOES 1 to 10, inclusive,

Defendants.

Case No. CV13-03450-BRO(RZx)

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**

1. VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]
2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]

## COMPLAINT FOR DAMAGES

## INTRODUCTION

1. Maria Gonzalez (Plaintiff) brings this action to secure redress from Adir International, LLC d/b/a Curacao (Defendant) for violations of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 (RFDCPA) and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). The RFDCPA

prohibits false or deceptive practices in connection with the collection of debts. The TCPA is a federal statute enacted in 1991 that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (FCC).

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's TCPA claims arise under the laws of the United States. Further, jurisdiction in this Court is proper for Plaintiff's RFDCPA claims under 28 U.S.C. § 1367(a) as Plaintiff's RFDCPA claims are so related to Plaintiff's TCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Maria Gonzalez (Plaintiff) is an individual, residing in Arleta, Los Angeles County, California 91331. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person and thus Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

5. Adir International, LLC d/b/a Curacao (Defendant) is a limited liability company, registered under the laws of the State of Delaware, with its principal place of business located at 1605 W. Olympic Boulevard, Suite 600, Los Angeles, California 90015. Defendant's California entity number is 200519310227. Defendant's registered agent for service of process is The

Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, DE 19801. Upon information and belief, Adir International, LLC regularly does business as "Curacao." Upon information and belief, Defendant has retail locations within the State of California.

6. Upon information and belief, in the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and, as such, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c). Upon information and belief, Defendant regularly engages in the collection of debt by telephone in several states including, California.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

8. Upon information and belief, Plaintiff allegedly incurred a debt with Curacao Department Store located at 1605 W. Olympic Blvd., Los Angeles, California 90015 (alleged debt). Upon information and belief, Plaintiff allegedly incurred the alleged debt prior to March 14, 2013. Upon information and belief, the alleged debt is identified by account number(s) 53188119-01 and/or 53188119-99.

9. The alleged debt consisted of money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and as such, qualifies as "consumer debt," as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(f).

10. At all time relevant to this action, Defendant contacted Plaintiff for the purposes of collecting the alleged debt.

11. Prior to February, 2013, Plaintiff personally informed Defendant that Plaintiff was unable to pay the alleged debt.

12. Upon information and belief, at all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers (213) 373-0160, (213) 639-2030, (213) 639, 2060, (213) 639-2090, (323) 652-1377, (323) 652-1205, (323) 652-1499, (213) 458-2514 and (323) 327-6077. Upon information and belief, at all times relevant to this action, Defendant contacted Plaintiff from, but not limited to, telephone number numbers (213) 373-0160, (213) 639-2030, (213) 639, 2060, (213) 639-2090, (323) 652-1377, (323) 652-1205, (323) 652-1499, (213) 458-2514 and (323) 327-6077 for the purpose of collecting the alleged debt.

13. Within one year prior to the filing of this action, Defendant repeatedly and continuously called Plaintiff at Plaintiff's residential telephone number (818) 899-4859 and at Plaintiff's cellular telephone number (818) 836-2734 for the purpose of collecting the alleged debt. Within one year prior to the filing of this action, Defendant repeatedly and continuously sent text messages Plaintiff at Plaintiff's cellular telephone number (818) 836-2734 for the purpose of collecting the alleged debt. Upon information and belied, Defendant did not have permission to send text messages to Plaintiff's cellular telephone number (818) 836-2734 for the purpose of collecting the alleged debt.

14. Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and threatened to take legal action against Plaintiff if Plaintiff failed to pay the alleged debt. Upon information and belief, at the time Defendant threatened to take legal action against Plaintiff it did not actually intend to take legal action against Plaintiff.

15. On or about February 15, 2013, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and left a voicemail message on Plaintiff's

telephone in which Defendant said it was going to start formal proceedings against Plaintiff for breach of contract. Upon information and belief, at the time Defendant threatened to take legal action against Plaintiff it did not actually intend to take legal action against Plaintiff. Upon information and belief, Defendant's threat to take legal action against Plaintiff was a false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of alleged debt was made.

16. On or about February 19, 2013, Defendant called Plaintiff for the purpose of collecting the alleged debt. Defendant left a voicemail on Plaintiff's telephone saying that it had verified her employment. Upon information and belief, Defendant's statement that it had verified Plaintiff's employment was false. Upon information and belief, Defendant's statement that it had verified Plaintiff's employment was done for the purpose of threatening that non-payment of the alleged debt would result in Plaintiff's wages being garnished. At the time Defendant said it verified Plaintiff's employment, Plaintiff was actually unemployed and had been unemployed since November 2012. Upon information and belief, Defendant's statement that it had verified Plaintiff's employment was false.

17. On or about February 19, 2013, Defendant called Plaintiff for the purpose of collecting the alleged debt. Defendant left a voicemail on Plaintiff's telephone saying that it was going to file a civil claim against Plaintiff for breach of contract if Plaintiff failed to pay the alleged debt. Upon information and belief, at the time Defendant threatened to take legal action against Plaintiff it did not actually intend to take legal action against Plaintiff. Upon information and belief, Defendant's threat to take legal action against Plaintiff was a false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of alleged debt was made.

18. Upon information and belief, as of the date of the filing of this action, Defendant has never filed a civil action against Plaintiff arising from or relating to the alleged debt.

19. On or about March 8, 2013, Defendant used obscene, profane and abusive language while attempting to collect the allege debt from the client. On or about March 8, 2013, Plaintiff spoke with Defendant. Defendant indentified identified himself as "Edgar." "Edgar" was extremely rude to Plaintiff. "Edgar" used obscene and/or profane language. "Edgar" harassed Plaintiff for not paying the alleged debt. "Edgar" made Plaintiff feel extremely uncomfortable and caused Plaintiff to suffer great stress.

20. During the March 8, 2013 conversation between Plaintiff and Defendant, "Edgar" told Plaintiff that he knew Plaintiff was a co-signer on her brother's vehicle loan. "Edgar" told Plaintiff that if she did not pay the alleged debt with Defendant, that Defendant would intercept Plaintiff's brother's car payments in order to satisfy the alleged debt. "Edgar" threatened Plaintiff that if Plaintiff failed to pay the alleged debt then Plaintiff's brother's car would be repossessed. Upon information and belief, Defendant does not have the legal ability to intercept Plaintiff's brother's car payments in order to satisfy the alleged debt. Upon information and belief, Defendant did not intend to intercept Plaintiff's brother's car payments in order to satisfy the alleged debt. Upon information and belief, Defendant's statements that it could and would intercept Plaintiff's brother's car payments in order to satisfy the alleged debt were false.

21. Within one year prior to the filing of this action, Defendant placed telephone calls to Plaintiff without disclosing Defendant's identity.

22. Within one year prior to the filing of this action, Defendant regularly blocked its telephone number when it called Plaintiff for the purpose of collecting the alleged debt. Regularly when Defendant would call Plaintiff for the purpose

of collecting the alleged debt, Defendant's number would come up on Plaintiff's caller identification as "unknown." Plaintiff knew these calls were from Defendant because Defendant often left Plaintiff voicemails or Plaintiff would answer the telephone and speak directly with Defendant.

23. On or about, but not limited to, February 19, 2013 and March 19, 2013 Defendant called Plaintiff without disclosing Defendant's identity. On or about, but not limited to, February 19, 2013 and March 19, 2013 Defendant called Plaintiff and Defendant's number came up as "unknown" on Plaintiff's caller identification.

24. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff.

25. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and constitute harassment of Plaintiff.

26. Within one year prior to the filing of this action, Defendant regularly called Plaintiff multiple times over the course of one day for the purpose of collecting the alleged debt. Within one year prior to the filing of this action, Defendant called Plaintiff no less than thirteen (13) times in the course of one day for the purpose of collecting the alleged debt. Upon information and belief, Plaintiff informed Defendant that Plaintiff was unable to pay the alleged debt before the day Defendant contacted Plaintiff no less than thirteen (13) times in the course of one day for the purpose of collecting the alleged debt. On a separate day, within one year prior to the filing of this action, Defendant called Plaintiff no less than nine (9) times in the course of one day for the purpose of collecting the alleged debt. Upon information and belief, Plaintiff informed Defendant that Plaintiff was unable to pay the alleged debt before the day Defendant contacted

Plaintiff no less than nine (9) times in the course of one day for the purpose of collecting the alleged debt.

27. Upon information and belief, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone calls repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff.

28. Within one year prior to the filing of this action, Defendant called Vanessa E. Aguilar at telephone number (818) 272-0989 for the purpose of collecting the alleged debt. During this conversation, Defendant identified himself as "Edgar." During this conversation, Defendant communicated information regarding Plaintiff and the alleged debt to Vanessa E. Aguilar. Upon information and belief, Defendant was not calling Vanessa E. Aguilar for the purpose to locate Plaintiff. Upon information and belief, Defendant did not have permission to contact Vanessa E. Aguilar regarding the alleged debt.

29. On or about March 14, 2013, Plaintiff filed Chapter 7 bankruptcy case number 1:13-bk-11758-MT in the United States Bankruptcy Court for the Central District of California (Bankruptcy Court).

30. Defendant was included in Plaintiff's bankruptcy. The alleged debt was included in Plaintiff's bankruptcy.

31. Upon information and belief, Defendant received written notice of Plaintiff's Chapter 7 bankruptcy from the Bankruptcy Court. Upon information and belief, Defendant received written notice that Plaintiff was represented by an attorney in regards to the alleged debt from the Bankruptcy Court.

32. Upon information and belief, Defendant contacted Plaintiff for the purpose of collecting the alleged debt while Plaintiff was in an active Chapter 7 bankruptcy and after Defendant had notice Plaintiff was represented by an attorney in regards to the alleged debt.

33. In response to Defendant's continued attempts to collect the alleged debt even though Plaintiff was in an active Chapter 7, Plaintiff's attorney personally contacted Defendant on March 25, 2013. Plaintiff's attorney spoke with Defendant and informed Defendant that Plaintiff filed Chapter 7 bankruptcy, that Plaintiff was represented by an attorney in regards to the alleged debt and that Defendant must cease from any further collection attempts against Plaintiff and her bankruptcy estate.

34. Upon information and belief, after March 25, 2013 Defendant called Plaintiff and sent Plaintiff text messages for the purpose of collecting the alleged debt. On or about March 29, 2013, Defendant contacted Plaintiff for the purpose of collecting the alleged debt.

35. As of the date of the filing of this action, Defendant continues to send Plaintiff emails for the purpose of collecting the alleged debt.

36. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

37. Defendant's conduct as described in detail above amounted to a false, deceptive or misleading representation or means in connection with the collection of the alleged debt.

38. Defendant's conduct as described in detail above amounted to a false, deceptive or misleading representation as to the character, amount or legal status of the alleged debt.

39. Within one year prior to the filing of this action, Defendant threatened to take legal action that cannot be legally taken or that is not intended to be taken.

40. Defendant's conduct as described in detail above amounted to a false representation or deceptive means to collect the alleged debt or to obtain information about Plaintiff.

41. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

42. Defendant's conduct as described in detail above amounted to an attempt to collect any amount not authorized by the agreement creating the debt or otherwise permitted by law.

43. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 (TCPA Regulations), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

44. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

45. Upon information and belief, Defendant sent no less than fourteen (14) text messages to Plaintiff at Plaintiff's cellular telephone number (818) 836-2734 for the purpose of collecting the alleged debt. Upon information and belief, Defendant never received consent to send text messages to Plaintiff on her cellular telephone number (818) 836-2734.

46. Upon information and belief, Defendant did not have an emergency purpose, as defined by 47 U.S.C. § 227 (b)(1)(A), for sending text messages to Plaintiff on her cellular telephone number (818) 836-2734.

47. Upon information and belief, Defendant violated the TCPA no less than fourteen (14) times by sending text messages to Plaintiff's cellular telephone for the purpose of collecting the alleged debt. Upon information and belief, Defendant knew that such conduct was in violation of the TCPA. Upon

information and belief, Defendant willfully and/or knowingly violated the TCPA no less than fourteen (14) times

**FIRST CAUSE OF ACTION**

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

48. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

49. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.10(e) by threatening to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(a) by using obscene or profane language while collecting or attempting to collect a consumer debt; and

(c) Defendant violated CAL. CIV. CODE § 1788.11(b) by placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents; and

(d) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(e) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be

unreasonable and to constitute an harassment to the debtor under the circumstances; and

(f) Defendant violated CAL. CIV. CODE § 1788.12(b) by communicating information regarding a consumer debt to any member of the debtor's family, other than the debtor's spouse of the parents or the guardians of the debtor who is either a minor or who resides in the same household with such parent or guardian, prior to obtaining a judgment against the debtor, except where the purpose of the communication is to located the debtor, or where the debtor or his attorney has consented in writing to such communication; and

(g) Defendant violated CAL. CIV. CODE § 1788.13(a) by communicating with the debtor other than in the name either of the debt collector or the person on whose behalf the debt collector is acting; and

(h) Defendant violated CAL. CIV. CODE § 1788.13(j) by making a false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and

(i) Defendant violated CAL. CIV. CODE § 1788.14(c) by communicating with a debtor, other than statements of account, after the debt collector was notified in writing that the debtor is represented by an attorney; and

(j) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(2) by communicating with a consumer in connection with the collection of any debt when the debt collector knows the consumer is represented by an attorney with respect to such debt; and

(ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(b) by communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector; and

(iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(iv) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(v) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; and

(vi) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt; and

(vii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(2) by making a false representation of the character, amount or legal status of any debt; and

(viii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(4) by making a representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action; and

(ix) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken; and

(x) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(xi) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(xii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and costs and attorney fees.

**SECOND CAUSE OF ACTION**

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

52. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

53. On no less than fourteen (14) occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call

made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

54. On no less than fourteen (14) occasions, Defendant knowing and/or willfully violated the TCPA.

55. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant violated the RFDCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b) An injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a) and 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's violation of the RFDCPA, Plaintiff is entitled to and requests statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(e) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g) Costs and reasonable attorney fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(h) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i) For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action

RESPECTFULLY SUBMITTED,

Dated: May 10, 2013

PRICE LAW GROUP, APC

By: ______________________

G. Thomas Martin, III
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Beverly Reid O'Connell and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV13- 3450 BRO (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Maria Gonzalez

*Plaintiff*

v.

Adir International, LLC d/b/a Curacao , a foreign limited liability company; and DOES 1 to 10,inclusive

*Defendant*

) Civil Action No. CV13-03450 -BRO(RZx)

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

ADIR INTERNATIONAL, LLC
d/b/a CURACAO, a foreign limited liability company
1605 W. Olympic Boulevard, Suite 600
Los Angeles, California 90015

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: MAY 14 2013

ANDRES PEDRO

*Signature of Clerk or Deputy Clerk*

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

1202

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARIA GONZALEZ

**DEFENDANTS**
ADIR INTERNATIONAL, LLC d/b/a CURACAO, a foreign limited liability company; and DOES 1 to 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100, Encino, CA 91436

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No

☑ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1681 et seq. Violations of the Fair Credit Report Act

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☑ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV13-03450

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Los Angeles |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 05/13/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |